**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH and JOSEPHINE A., by their next friend,
CORRINE WOLFE, et al.,

      Plaintiffs,

      vs.                                                                                      No. CIV 80-0623 JC/DJS

DEBORAH HARTZ, in her official capacity, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Rule 59(e) Motion to Alter or Amend the Court's March 21, 2000 Order, filed April 3, 2000 *(Doc. 1582)*, in which Plaintiffs contend that the Court erred in granting Defendants' Motion to Dismiss, filed November 19, 1999 *(Doc. 1560)*, based on abstention grounds. The Court finds that Plaintiffs' motion is not well taken and will be denied.

This matter also came on for consideration of the parties' Stipulated Rule 60 Motion to Correct Clerical Error and Memorandum in Support Thereof, filed April 17, 2000 *(Doc. 1586)*. The Court finds that the motion is well taken and will be granted.

**I.**    **Rule 59(e) Motion**

    **A.**    **Standard**

The decision of whether to grant or deny a FED. R. CIV. P. 59 motion is committed to the sound discretion of the trial court. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. 11 WRIGHT, MILLER & KANE Civil 2d § 2810.1, 124 (1999). Accordingly, a Rule 59 motion may be granted only to correct manifest errors of law or fact upon which the judgment is

based, to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to reflect an intervening change in controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1011 (10th Cir. 2000); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). Rule 59 may not, however, be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. *See Steele v. Young,* 11 F. 3d 1518, 1520 n.1 (10th Cir. 1993). In light of their narrow purpose, Rule 59 motions are seldom granted. 11 WRIGHT, MILLER & KANE Civil 2d § 2810.1 at 128.

**B.     Analysis**

In their Motion to Dismiss, filed November 19, 1999 *(Doc. 1560)*, Defendants moved the Court to abstain from this case based on the *Younger* doctrine which dictates that federal courts not interfere with state court proceedings by granting equitable relief when such relief could adequately be sought before the state court. *See Younger v. Harris*, 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (applying the *Younger* doctrine to civil proceeding). *See also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *Pennzoil Co. v. Texaco*, 481 U.S. 1, 10 (1987). Specifically, Defendants assert that the Stipulated Exit Plan is a form of equitable relief which interferes with underlying state court proceedings, namely, child court proceedings.

Plaintiffs argue that I committed manifest error by abstaining from the present case without a substantial change in law or fact governing the Stipulated Exit Plan. The Stipulated Exit Plan is essentially a consent decree entered into by the parties. "A consent decree ... is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County*

*Jail*, 502 U.S. 367, 378 (1992).  Thus, a consent decree is afforded the same effect as any other judgment.  *See id.* (a consent decree is subject to FED. R. CIV. P. 60(b) which governs any "final judgment, order, or proceeding").  Therefore, Plaintiffs argue that this Court is powerless to reach the issue of abstention at this point in the case.

However, under FED. R. CIV. P. 60(b), the court may "relieve a party or a party's legal representative from a final judgement, order, or proceeding ... [when] it is no longer equitable that the judgment should have prospective application."  FED. R. CIV. P. 60(b)   The source of the power to modify stems from the fact that a consent decree often requires "continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on  behalf of the party who obtained that equitable relief."  *System Fed. No. 91, Ry Emp. Dep't v. Wright*, 364 U.S. 642, 647 (1961).  Nevertheless, a party seeking relief from a consent decree must show "a significant change either in factual conditions or in law."  *See Rufo*, 502 U.S. at 384.  A court may recognize subsequent changes in either statutory or decisional law.  *See Agostini v. Felton*, 521 U.S. 203, 217 (1997).  Accordingly, I granted Defendants' Motion to Dismiss based on the Tenth Circuit Court of Appeals' recent decision in *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir.1999).  *See* Mem. Op. and Order, filed March 21, 2000 *(Doc. 1580).*

In practice, federal courts invoke the *Younger* abstention doctrine when three conditions are met:  (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. *See Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir.1997), *cert. denied*, 523 U.S. 1005 (1998) (citing *Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).  "*Younger* abstention is not discretionary once the above conditions are met absent extraordinary circumstances that render a state court unable to give state litigants a full and fair

hearing on their federal claims." *J.B.*, 186 F.3d 1280 at 1291 (quotation omitted) (finding that the children's court provides adequate opportunity for a full and fair hearing).  However, while other abstention doctrines may seek to prevent duplicative litigation in order to foster efficient disposition of cases, *see Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-18 (1976), the *Younger* abstention doctrine is founded "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps*, 122 F.3d at 889.

The Tenth Circuit's decision in *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280 (10th Cir.1999), did not materially alter the elements for abstention.  However, in analyzing the requirements for abstention, the Circuit Court found that the district court was required to abstain.  Thus, in a case in which the facts mirror the facts of the present case, there now exists decisional law directly on point which directs the district court to abstain.  In light of the distinct application of the *Younger* abstention doctrine to facts strikingly similar to those in this case, I hold that there has been a sufficient change in applicable law to warrant relief from judgment in this case.  Therefore, Plaintiffs' Motion to Alter or Amend will be denied.

**II.     Rule 60 Motion**

The parties have also submitted a Stipulated Rule 60 Motion to Correct Clerical Error and Memorandum in Support Thereof, filed April 17, 2000 *(Doc. 1586)*.  The stipulated motion requests that the Court's Memorandum Opinion and Order of March 21, 2000 *(Doc. 1580)*, be corrected to reflect that Defendants have indeed been granted exit from Section V of the Stipulated Exit Plan regarding qualifications of social work consultants.  In addition, it appears that Defendants have since been granted exit in two additional sections; Training and Citizen Review Boards for Substitute

Care. *See* Defs.' Resp. to Pls.' Mot. to Alter or Amend the Court's March 21, 2000 Order, filed April 17, 2000 *(Doc. 1585)*. Accordingly, the statement,

> Defendants have not been granted exit from any portion of the Stipulated Exit Plan at this time,

on page 2 of the March 21, 2000 Memorandum Opinion and Order shall read:

> As of April 17, 2000, Defendants have been granted exit from at least one section of the Stipulated Exit Plan.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Rule 59(e) Motion to Alter or Amend the Court's March 21, 2000 Order, filed April 3, 2000 *(Doc. 1582)*, be and hereby is **denied**.

IT IS FURTHER ORDERED that the parties' Stipulated Rule 60 Motion to Correct Clerical Error and Memorandum in Support Thereof, filed April 17, 2000 *(Doc. 1586)*, be and hereby is **granted**.

IT IS THEREFORE ORDERED that the Court's Memorandum Opinion and Order of March 21, 2000 *(Doc. 1580)* be amended as set forth herein to reflect that Defendants have been granted exit in at least one area of the Stipulated Exit Plan.

DATED this 28th day of June, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:   Susan Lambiase
Marcia Robinson Lowry
Children's Rights, Inc.
New York, New York

Robert Levy
Geer, Wissel & Levy
Albuquerque, New Mexico

Counsel for Defendants:   Timothy V. Flynn-O'Brien
Bryan & Flynn-O'Brien
Albuquerque, New Mexico